[S. F. No. 8256. Department Two.—July 31, 1918.]

WILLA IDA JENNY, Appellant, v. RUDOLPH R. JENNY, Respondent.

HUSBAND AND WIFE—VOID PRENUPTIAL AGREEMENT FOR SEPARATION—VALID MARRIAGE.—Although a prenuptial agreement between parties about to marry that when married they should never live together, that the wife should not assume the husband's name, that each should retain all of his or her future earnings and acquisitions, and that in the future the wife would "grant a divorce" to the husband, was void as against public policy, a marriage which followed was valid, and created all the mutual obligations which the law attaches to marriage.

ID.—RIGHTS OF WIFE.—After a marriage following such an agreement
the wife was under no obligation to consent to a separation and
might have insisted upon living with her husband and have charged
him with desertion upon his failure so to do.

ID.—ACTION FOR SUPPORT AND MAINTENANCE—CONSENT TO SEPARATION
AS A DEFENSE.—Where the parties separated within an hour after
such agreement and marriage, the wife then in fact consenting, and
they never thereafter lived together as man and wife, that consent
deprived the wife of her right to separate maintenance and support
so long as the separation continued by mutual consent.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Thomas F. Graham,
Judge.

S. C. Wright, for Appellant.

James W. Henderson, for Respondent.

WILBUR, J.—Plaintiff appeals from a judgment rendered
against her in an action for support and maintenance against
her husband, the defendant. The marriage occurred about
4 or 5 o'clock P. M., and at 5:20 on the same day, September
25, 1915, the parties separated and never thereafter lived
together as husband and wife. The defendant alleges and
testified and the court found that this separation was by
mutual consent. As was said in *Mayr* v. *Mayr*, 161 Cal. 134,
140, [118 Pac. 546] : "A wife living separate and apart from
her husband cannot, in the absence of special agreement
therefor, compel him to support her while living so apart, un-
less such separation is caused by misconduct on his part."
The testimony of the husband, and indeed the conduct of the
parties, support the finding by the court that the separation
was by consent. It is claimed, however, by the appellant that
such separation by consent was a result of a prenuptial agree-
ment between the parties, by which it was arranged that they
should be married, but should never live together; that the
plaintiff should not assume defendant's name; that each
should retain their own property and all their future earn-
ings and acquisitions, and that in the future the plaintiff
would "grant a divorce to the defendant"; that such an
agreement was void and as against public policy, and that
therefore the agreement of separation after the marriage, in

pursuance of such void agreement before marriage, was also void, and that plaintiff is entitled to support and maintenance. If, as insisted by appellant, *everything* that flowed from the prenuptial agreement to *marry*, separate, and thereafter secure a divorce was void, the marriage would be also void, and yet marriage is the basis of plaintiff's action. The agreement made the evening before the marriage, it is conceded, was void. The marriage which followed was valid and created all the mutual obligations which the law attaches thereto. Plaintiff was under no obligation to consent to a separation, and might have insisted upon living with her husband and charged him with desertion upon failure so to do. She did in fact consent to their separation, and that consent deprived her of her right to separate maintenance and support so long as the separation continued by mutual consent.

The judgment is affirmed.

Lorigan, J., and Melvin, J., concurred.